TüRLey, J.,
delivered the opinion of the court.
In this case a final decree was given at the August terra, 1834, of the supreme court at Sparta, On motion for .a rehearing, it was ordered by the court, ‘‘that the decree .stand open to he revised at the next term of the court, on a point reserved, but that in the mean time the.decree be in all things executed according to its terms, notwithstanding the order, and that unless said decree should be revised at the next court, this order to have no force or effect whatever.”
This we consider to be an order for a rehearing, strictly limited to the next term of the court, as contradistinguished from a general order, which would have left the case open in court until it was reheard, or in other words, that the case may be reheard at the next term of the court upon the point reserved, hut not thereafter without the. further order of the court. If the power to make this limited order be conceded, which it is, the case is then res adjudícala. If the order be correctly made, then the necessary consequence is, that if the term be permitted to elapse without a rehearing, the order is functus off clo, and the case at an end. This view of the ease is not perhaps denied, but it is said that at the next ensuing term, to wit, August, ¡835, the cause was continued under the rule prescribed aj*g,he preceding term, and that this revived the rule ;so we think; but then by the same reasoning, the case must have been heard at the next succeeding term, which was on the ffetsMonday in March, *200 1836, which was not done. But it is said that during the , , . . . . ° which intervened between the last term ol the court at Sparta, and the first at Nashville, by the constitution of the State, and an act of the legislature passed on the 1st day of December, 1835, the Supreme court which had formerly sat at Sparta was removed to Nashville, and that it was made the duty of the former clerk of the court at Sparta, to deliver or cause to he delivered, all the papers of that court to the clerk of the court at Nashville, on the 1st Monday of March, 1836, which he neglected to do, by reason of which the case was not heard, and that therefore they ought not to be prejudiced thereby. To this reasoning we cannot assent. It may be a hardship, but the^ principles of law cannot be made to yield to the neglect of persons engaged in its administration, or otherwise its legal certainty would he destroyed. The question before us, is not whether the clerk did his duty, but whether a term of the court commenced at Nashville on the 1st Monday of March, 1836, and whether it was permitted to elapse without the decree having been revived. It is obvious that it did. Then the condition upon which the rehearing was given has not been performed, and the matter is as much beyond our control as any other order or judgment of a former term.
Decree affirmed